to give it the character of a mandate of the court, for any primary action thereon, when the term during which the power was granted has terminated.

In my opinion, therefore, the plaintiff was bound to procure the direction of the court, after such a lapse of time, before he could take out the writ of injunction, or use it if previously in his hands, and the neglect of the defendants to obey it, on the existing state of facts, cannot be punished by attachment.

The motion is accordingly denied.

---

## Case No. 8,722.

### McCORMICK v. KETCHUM.

[See Case No. 8,719.]

---

## Case No. 8,723.

### McCORMICK v. MAGRUDER.

[2 Cranch, C. C. 227.] [1]

Circuit Court, District of Columbia. April Term, 1821.

MISTAKE—FAILURE OF CLERK TO ENTER APPEARANCE—EJECTMENT—HABERE FACIAS—MOTION TO QUASH.

In ejectment, if the clerk by mistake omit to enter the tenant's appearance at the first term, and judgment be entered against the casual ejector, and a habere facias be issued, the court will, at a subsequent term, upon affidavits, quash the habere facias, and rescind the judgment, and permit the tenant to appear, upon entering into the common rule.

[Cited in Reiling v. Bolier, Case No. 11,671. Cited in brief in Blagden v. Broadrup, App. Fed. Cas.]

In ejectment there had been judgment at December term, 1819, against the casual ejector by default, and a habere facias issued returnable to this term.

Mr. Taney, for the tenant, moved the court to quash the execution, and rescind the judgment, and permit the tenant to appear, upon entering into the common rule.

This motion was founded upon affidavits that Mr. Marbury ordered the clerk to enter his appearance for the tenant before the judgment was entered, but the clerk, by mistake, entered it in another case.

Mr. Wallach and Mr. Jones, for plaintiff, mentioned the case of Baker v. Glover [Case No. 769]. And see, also, Sherburne v. King [Id. 12,759], at June term, 1820, and Jones v. Llwellyn [Id. 7,477], at March term, 1820, and December term, 1819.

THE COURT, upon the affidavits and motion, quashed the habere facias, rescinded the judgment, and permitted the tenant to appear.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 8,724.

### McCORMICK v. MANNY et al.

[6 McLean, 539; [1] 4 Am. Law Reg. 277; 61 Jour. Fr. Inst. 176.]

Circuit Court, N. D. Illinois. Jan. 16, 1856. [2]

PATENTS—REAPING MACHINE—EXPIRATION — DISTINCT PARTS — COMBINATIONS — IMPROVEMENT—MECHANICAL EQUIVALENT.

1. The plaintiff's first patent for a reaping machine being dated in 1834 has expired, and whatever invention it contained now belongs to the public.

2. Improvements were made by McCormick, for which, in 1845, he obtained a patent, and in 1847 a patent for a further improvement, which last patent was surrendered and re-issued in 1853.

3. A machine may consist of distinct parts, and some or all these parts may be claimed as combinations. In such an invention, no part of it is infringed, unless the entire combination or the part claimed shall have been pirated.

[Cited in Silsby v. Foote, 20 How. (61 U. S.) 392.]

4. In his patent of 1845, for improvements in the reaping machine, the plaintiff claimed the combination of the bow L, and dividing iron M, for separating the wheat to be cut from that which is left standing, and to press the grain on the cutting sickles and the reel. The defendant's wooden divider does not infringe that claim of complainant's patent which embraces the combination of the bow and the dividing iron, as he does not use the iron divider which the plaintiff combined with the wooden.

5. Where the plaintiff's patent calls for a reel post, set nine inches behind the cutters, which is extended forward, and connected with the tongue of the machine to which the horses are geared, it is not infringed by a reel bearer extending from the hind part of the machine and sustained by one or more braces. The only thing common to both devices is supporting the end of the reel nearest to the standing grain. In their combinations and connections, and in everything else the devices are different.

6. Where reaping machines, prior to the plaintiff's invention, had a grain divider or reel post similar to the plaintiff's, the defendants may use the same without infringing the plaintiff's patent.

7. The invention embraced in plaintiff's patents of 1847 and 1853, was not a raker's seat, but it was the improvement of his machine, by which it was balanced, and the shortening of the reel so that room was made for the raker's seat on the extended finger-bar. This being his invention and claim, to this his exclusive right is limited. Had he claimed generally a seat for the raker, the claim would have been invalid, by reason of the prior knowledge and use of raker's seats in reaping machines. McCormick's raker's seat was new in its connection with his machine; but his invention did not extend to a raker's seat differently arranged.

8. A mechanical equivalent is limited to the principle called for in the patent, including colorable alterations, or such as are merely changes as to form.

9. Manny's reaping machine does not infringe either of McCormick's patents. The divider and reel bearer used in Manny's machine being different in form and principle, do not infringe McCormick's patent of 1845. [2]

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed in 20 How. (61 U. S.) 402.]